**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESTOR SANTIAGO MALLARI, | No. 13-73670 |
| Petitioner, | Agency No. A086-924-473 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Nestor Santiago Mallari, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying him asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

The agency found that Mallari did not establish changed or extraordinary circumstances to excuse the untimely filing of his asylum application. We lack jurisdiction to review this finding because the underlying facts are disputed. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). Thus, we dismiss the petition as to Mallari's asylum claim.

Substantial evidence supports the agency's determination that Mallari failed to establish that the New People's Army would be motivated to harm him on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (mistreatment motivated by retribution does not bear a nexus to a protected ground). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Mallari's CAT claim because he failed to establish that it is more likely than not that he would be tortured by or at the instigation of or with the consent or acquiescence of the government if returned to the Philippines. *See Santos-Lemus v. Mukasey*, 542 F.3d

13-73670

738, 747-48 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v.*

*Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**